IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA GOUDY-BACHMAN** and **GREGORY BACHMAN** : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, KATHLEEN SEBELIUS**, in her official capacity as the Secretary of the United States Department of Health and Human Services; **UNITED STATES DEPARTMENT OF THE TREASURY,** and **TIMOTHY F. GEITHNER**, in his official capacity as Secretary of the United States Department of the Treasury : <br> : <br> Defendants : | CIVIL ACTION NO. 1:10-CV-763 <br><br> (Judge Conner) |

## AMENDING ORDER

AND NOW, this 13th day of September, 2011, upon consideration of the court's Memorandum and Order granting summary judgment to plaintiffs (Doc. 63), and it appearing that the court inadvertently referenced the community rating reform provisions in lieu of the preexisting condition provisions in Section IV.F.3 of the Memorandum, is hereby ORDERED that the Memorandum is AMENDED as follows:

1. The two paragraphs beginning on page 42 of the Memorandum and continuing to the bottom of page 43 (Doc. 63) are STRICKEN.

2. The following paragraph shall be inserted in place of the stricken paragraphs:

I pause briefly to note that the individual mandate functions as a partial funding mechanism.[15]  For this additional reason, it is clearly not essential to regulation of the broader market but it *is* linked to two key provisions in particular: the guaranteed issue and preexisting conditions reforms.  See 42 U.S.C. §§ 300gg-1(a), 300gg-3.  The guaranteed-issue provision prevents health insurers from denying coverage on the basis of health status, medical condition, medical history, disability, or genetic makeup, among other health status factors.  42 U.S.C. § 300gg-1(a).  Thus, every individual who applies for insurance, must be enrolled.  The pre-existing conditions provision prevents insurers from limiting or denying health insurance coverage on the basis of an individual's preexisting medical condition.  42 U.S.C. § 300gg-3.  Absent the individual mandate, or some other source of subsidy, enforcement of these guaranteed issue and preexisting conditions provisions will likely drive insurers from the market, threatening the stability of the health insurance market.  Hence, as currently written, these provisions are sustainable only in conjunction with the individual mandate.[16]

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[15]  The Congressional Budget Office estimates that the penalty provision of the individual mandate will raise approximately four billion dollars in revenue.  (Tr. at 20-21).

[16]  In light of other available sources of funding, e.g. invocation of the Tax and Spending Power, U.S. CONST. art. I, § 8, cl. 1, the individual mandate is not essential even to the guaranteed issue provisions.